TONY MAZZUCA DBA ANTONIO'S, APPELLANT, *v.* THE FUND INSURANCE COMPANIES, FIREMAN'S FUND INSURANCE COMPANY, AND NATIONAL SURETY CORPORATION, FOREIGN CORPORATIONS, RESPONDENTS.

No. 7342

December 2, 1974          528 P.2d 705

*Douglas J. Shoemaker,* of Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* of Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from a judgment of the district court granting a motion for partial summary judgment in favor of the respondent-defendant insurance companies, hereinafter referred to as Insurer, and against the appellant-plaintiff, Mazzuca. The narrow issue presented to the court below and to us on appeal is the extent of the liability of Insurer for losses Mazzuca sustained in the burglary of his safe.

1. Insurer issued a 3-year policy of mercantile robbery and safe burglary insurance to Mazzuca in March 1968. In May 1970, Mazzuca reported a burglary loss. An investigation of the burglary by Insurer's representatives revealed that Mazzuca's safe had been improperly classified in the insurance policy. Mazzuca was advised that he had the option of installing a safe meeting the standards of the original classification or accepting within 10 days from August 20, 1970, a restrictive endorsement on the policy reducing the maximum

safe burglary coverage from $3,000 to $100. On August 29 or 30, 1970, Mazzuca accepted and signed a restrictive endorsement on his policy limiting the burglary coverage on the safe to $100. Mazzuca was charged an additional $60 premium for the endorsement. Nevertheless, Insurer advised Mazzuca by mail that his original policy would be canceled effective September 8, 1970. On September 6, 1970, Mazzuca's safe was again burglarized. His policy was canceled 2 days later. Insurer claims its liability under the restrictive endorsement is limited to $100. Mazzuca contends that, since the only consideration for accepting the restrictive endorsement was Insurer's agreement not to cancel his policy, which Insurer in fact did, the terms of the original policy prevailed at the time of his loss on September 6, 1970.

2. The majority rule is the forbearance of cancellation of a policy by an insurance company is sufficient consideration for the issuance of an endorsement limiting the insurance liability under the policy. Johnson v. Central Nat'l Ins. Co., 356 S.W.2d 277 (Tenn. 1962); A. Corbin, Contracts § 155 at 195–196 (1956); 17 G. Couch, Couch on Insurance 2d § 67.5 at 397 (1959).

Mazzuca's policy contained a cancellation provision.[1] Insurer, therefore, had a right to cancel the policy and could have done so at any time upon giving the required 10 days' notice to do so. In the instant case, however, Insurer, rather than canceling Mazzuca's policy, offered him a restrictive endorsement reducing Insurer's liability for safe burglary from $3,000 to $100. Mazzuca accepted and signed the restrictive endorsement on August 29 or 30, 1970, which was attached to the original policy. Nevertheless, Insurer a few days later, on September 8, 1970, two days subsequent to the loss suffered by Mazzuca on September 6, 1970, canceled his entire policy. Mazzuca argues that, if Insurer's forbearance to cancel the policy was valid consideration for the restrictive endorsement, then that consideration failed because of Insurer's almost immediate order of cancellation. We are inclined to agree, and we so hold. Forbearance of cancellation of an insurance policy by an insurance carrier may be sufficient consideration for modifying an insurance contract, if in fact the policy is not

---

[1]The cancellation clause provided:

"This policy may be cancelled by the company, by mailing to the insured at the address shown in this policy written notice stating where [sic] not less than ten (10) days thereafter, such cancellation shall be effective."

canceled. But when the policy is then canceled, as in the instant case, the consideration fails and insurer is bound by the terms of the original policy until such cancellation becomes effective. Since Mazzuca's loss of September 6 was prior to Insurer's cancellation of September 8, the parties are bound by the original insurance contract. We therefore reverse and remand the case to the court below for appropriate proceedings consistent with the views expressed herein.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.